United States District Court
District of South Carolina

| | |
|---|---|
| Seppo Matti Riihonen, # 62739-004; ) | C/A No.8:06-0399-MBS-JRM |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| John J. LaManna, Warden of FCI-Edgefield; ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, Seppo Riihonen (hereafter, the "Plaintiff"), was formerly an inmate in the custody of the Federal Bureau of Prisons (FBOP). He now brings a *pro se* action against the Defendant seeking to recover monetary damages. Pursuant to the provisions of Title 28 United States Code §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(b) and (e) D.S.C., this matter has been referred to the undersigned for screening.

### BACKGROUND

On September 12, 2002, Plaintiff was sentenced to forty-six (46) months imprisonment, followed by two (2) years supervised release, along with other terms and conditions by the United States District Court for the Southern District of Florida. See USA v. Riihonen, 2002-cr-60067 (S.D. Fla. 2002). Plaintiff was convicted upon a guilty plea to a charge of violating 8 U.S.C. 1326 (Reentry of a Removed Alien).

At some time during the summer of 2005, Plaintiff was transferred from the Edgefield Federal Correctional Institution (FCI-Edgefield) in Edgefield, South Carolina, to other facilities in custody of the Immigration and Customs Enforcement (ICE) component of the Department of Homeland Security. Plaintiff has returned to his native Finland where he is now residing. He

filed his Complaint in this Court on February 9, 2006.

In December 2004 Plaintiff requested that his FCI-Edgefield case manager initiate a process to correct the Pre-Sentence Investigation Report (PSIR) used in his underlying criminal prosecution. Plaintiff challenged the Offense Base Level in the PSIR. FBOP Program Statement (PS) 5800.11 ("Inmate Central File, Privacy Folder and Parole Mini-Files"), ¶ 15(c), governs the procedure whereby a prisoner may challenge information contained in his or her central file. PS-5800.11 provides the following example: (bold font in the original)

> For example, if an inmate challenges information in the Presentence Investigation Report (PSI), staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided. **USPO procedures, however, do not allow for changes or addendums to be made to the Presentence Investigation Report after sentencing since it is a court document.**

On January 4, 2005, the Probation Office for the Southern District of Florida responded to the FCI-Edgefield inquiry. Plaintiff has copied and attaches to his Complaint the first page of the letter and a page from the PSIR containing his Offense Level Computation. [Docket Entry #1, pp. 11-12.] Evidently the USPO letter confirmed the accuracy of the PSIR.

On July 20, 2005, Plaintiff filed a "Request for Administrative Remedy" (BP-9), which was assigned Administrative Remedy Number 383320-F1. [Docket Entry #1, pp. 6-7] On August 8, 2005, the Defendant denied the request, pointing out that USPO had confirmed the accuracy of its information and that no further action the FCI-Edgefield staff was warranted. [Docket Entry #1, p. 10.]

Plaintiff has brought this action seeking Seven Hundred Fourteen Thousand Six Hundred Dollars ($714,600.00) in damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 through § 2680. Plaintiff also cites portions of the Privacy Act – specifically 5 U.S.C.

552a(g)(1) through(4).  Under 5 U.S.C. § 552a(g)(4)(A) actual damages may be recovered when it is determined that a federal agency acted in a manner which was "intentional or willful."

### *Pro Se* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  Hughes v. Rowe, supra.  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  Small v. Endicott, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The first step in the FTCA process is a mandatory administrative filing under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

FBOP Program Statement (PS) 1320.06 ("Federal Tort Claims Act"), ¶ 7, clearly and in

detail, describes the procedure by which inmates may recover monetary damages for personal injury sustained while in custody, beginning with the standard claim form (SF-95). Among the items required on the SF-95 is a "sum certain" (i.e., a specific amount of money). This information is mandatory, as the United States Court of Appeals for the Fourth Circuit explained in <u>Kokotis v. United States Postal Service</u>, 233 F. 3d 275, 278 (4th Cir. 2000)(citations omitted):

> An administrative claim must be properly presented. The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), **and** "a claim for money damages **in a sum certain**..." 28 C.F.R. § 14.2(a)(1999) (emphasis added); **see also** 39 C.F.R. § 912.5(a) (1999). Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over a subsequently filed FTCA suit.

Because FTCA is a waiver of sovereign immunity, compliance with procedural requirements – such as filing of the administrative claim – is not only mandatory but is also "jurisdictional and may not be waived." <u>Henderson v. United States</u>, 785 F. 2d 121, 123 (4th Cir. 1986). See also <u>Kielwien v. United States</u>, 540 F. 2d 676, 679 (4th Cir. 1976).

Plaintiff exhausted the BOP grievance procedure which is prerequisite to filing a so-called <u>Bivens</u> action.[1] Exhaustion of administrative remedies for an action under FTCA is vastly different, however. Even if Plaintiff contemplated a tort claim in the course of his grievance, the documentation he provides clearly lacks any statement of a "sum certain" as required.

Since Plaintiff alleges that the Defendant's tortious conduct occurred in August 2005, dismissal of this action will not prejudice his filing an administrative claim before renewing his

---

[1] – *See* <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). In <u>Bivens</u>, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A <u>Bivens</u> claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-820 & n. 30 (1982).

action in this Court. Under 28 U.S.C. § 2401 the claim must be filed within two years of the occurrence. At the present time, this Court lacks jurisdiction to entertain this action.[2]

To the extent that Plaintiff seeks an amendment of the PSIR under the Privacy Act, he pursues a remedy that is simply unavailable. In White v. United States Probation Office, 148 F. 3d 1124 (D.C. Cir. 1998), a federal prisoner claimed that "inaccuracies" in his presentence report had resulted in a longer sentence. The Court of Appeals for the District of Columbia affirmed the trial court dismissal on several grounds, finding first that presentence reports are exempt from the amendment provisions of the Act. See also Deters v. United States Parole Commission, 85 F. 3d 655 (D.C. Cir. 1996).

Moreover, the Court in White determined that plaintiff impermissibly sought through the Privacy Act to mount a collateral attack upon the duration of his sentence. Plaintiff in this case has already filed two unsuccessful § 2255 motions in the trial court. See Riihonen v. U.S., 2005-CV-60356 (S.D. Fla. 2005); Riihonen v. U.S., 2003-CV-61705 (S.D. Fla. 2003). In this Court, Riihonen filed a § 2241 petition which has been dismissed because it was in essence a successive § 2255 motion. See Riihonen v. U.S., 23:05-1524-MBS-JRM (D.S.C. 2005).

Finally, the D.C. Court of Appeals noted under Heck v. Humphrey, 512 U.S. 477 (1994) that a right to recover damages for an allegedly unconstitutional confinement only accrues when the conviction and sentence at issue have been invalidated in a separate proceeding. 148 F. 3d at 1126. Plaintiff's Complaint, as an action under the Privacy Act, is indistinguishable from the claim made in White.

---

[2] – Plaintiff should review carefully the provisions of the FTCA to avoid other defects in any future pleadings.

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FESS

Plaintiff has filed an Application to Proceed Without Prepayment of Fees (AO Form 240), also known as an application to proceed *in forma pauperis*. In his application, Plaintiff reports that he currently earns a monthly income of One Thousand Seven Hundred Twenty Euros (1720 €) which is approximately Two Thousand Fifty Dollars ($2,050.00) at current exchange rates.

The "privilege to proceed without posting security for costs and fees is reserved for the many truly impoverished litigants, who, within the District Court's sound discretion, would remain without [a] legal remedy if such privilege were not afforded to them." Brewster v. North American Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Of course, a litigant is not required to show that he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). Adkins v. E. I. Du Pont de Nemours & Co., 335 U.S. 331, 337-344 & nn. 5-10 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. See Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980).

Observing that there is no "magic formula" for determining this issue, the United States District Court in the Southern District of Texas developed the following helpful list of factors to be considered:

(1) Is the litigant barred from the federal courts by the reason of his or her "impecunity?"

(2) Is his or her "access to the courts blocked by the imposition of an undue hardship?"

(3) Is the litigant forced to contribute his or her "last dollar," or render himself or herself "destitute" to prosecute his or her claim?

See Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D.Tex. 1976) (citing Third and Fifth

Circuit cases), *aff'd* 479 F.2d 1044 (5th Cir. 1973).

In the judgment of the undersigned, Plaintiff would not be rendered destitute by paying the filing fee of Two Hundred Fifty Dollars ($250.00) nor would he be denied access to this Court for adjudication of his claim. He must simply "confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?" Carter v. Telectron, Inc., supra, 452 F. Supp. at 944.

### DENIAL OF *IN FORMA PAUPERIS* AS DISMISSAL

In effect a denial of *in forma pauperis* status can be the equivalent of an involuntary dismissal. In Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990), the United States Court of Appeals for the Sixth Circuit addressed this specific question and determined that such a ruling cannot be issued by a magistrate judge upon referral of pretrial matters (as is the present case):

> Although section 636(b)(1)(A) does not specifically reference a motion to proceed in forma pauperis, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority....A district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action. 28 U.S.C. § 636(b)(1)(A).

894 F.2d at 187-188 (footnotes omitted).

### CONCLUSION

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless

legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).  Further, the court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged clearly fail to set forth a valid claim.  Denton v. Hernandez, supra.   In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  Id.

Based on the foregoing, it is recommended that the motion to proceed *in forma pauperis* should be **denied**.  This action should be dismissed without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the Notice on the following page.

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 23, 2006
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**