IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Seppo Matti Riihonen, ) | C/A No. 8:06-399-MBS |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER and OPINION** |
| ) | |
| John J. LaManna, ) | |
| Warden of FCI-Edgefield ) | |
| ) | |
| Respondent. ) | |
| ) | |

Plaintiff Seppo Mattii Riihonen was convicted on September 13, 2002 in the United States District Court for the Southern District of Florida of illegally re-entering the United States in violation of 8 U.S.C. § 1326 (a)(b)(1). Plaintiff served a prison sentence and has subsequently returned to his native country of Finland.

Petitioner, appearing *pro se*, filed the underlying suit under the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680). Plaintiff contemporaneously filed a motion to proceed in forma pauperis and a motion for the appointment of counsel. The facts underlying Plaintiff's claim are identical to those supporting his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 also pending before the court. See Riihonen v. LaManna, C/A 3:05-cv-1524-MBS, May 27, 2005.[1] Specifically, Plaintiff alleges that Defendant, Warden of Plaintiff's former place of incarceration, failed to correct false

---

[1] The court issues an Order and Opinion adopting the Report and Recommendation of the Magistrate Judge in Plaintiff's separate case contemporaneous with the instant order. Plaintiff objects to the Magistrate Judge's indication that Plaintiff's habeas corpus petition has been dismissed and argues that the case is still pending. See Report and Recommendation, 5. Plaintiff is correct. At the time the Magistrate Judge issued the Report and Recommendation in the instant case, the court had not adopted the Report and Recommendation in Plaintiff's second case. However, the subsequent adoption of the Report and Recommendation dismissing Plaintiff's habeas petition renders this objection moot.

information present in Plaintiff's Pre-Sentence Investigation Report in violation of a "Program Statement issued by the U.S. Department of Justice for the Federal Bureau of Prisons." Complaint, 2. As a result of this alleged failure, Plaintiff claims he was "falsely imprisoned for 26 months and 14 days." Id.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 636(b)(1)(B) and, on February 23, 2006, filed a Report and Recommendation recommending that the complaint be dismissed without prejudice and without requiring Defendant to file a response pursuant to 28 U.S.C. § 1915 (e)(2)(B). Report and Recommendation, 5, 7. The Magistrate Judge also recommend that the court deny Plaintiff's Motion to Proceed In Forma Pauperis. Id. at 7. Plaintiff filed objections to the Report and Recommendation on March 8, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff restates in his objections the claims presented in his separate § 2241 petition. Objections, 1. Plaintiff also avers that the Magistrate Judge's assessment of his financial status was incorrect and states that he is unemployed and unable to pay filing fees. Id. As to the merits of Plaintiff's complaint, Plaintiff's objections represent only general and conclusory challenges to the Magistrate Judge's Report and Recommendation and fail to address the recommendation that Plaintiff's action be dismissed. Accordingly, the court is not obligated to conduct a *de novo* review. See Orpiano, 687 F.2d at 47-48. Though not obligated, the court has thoroughly reviewed the record and applicable law and finds the Magistrate Judge's analysis of the merits of Plaintiff's claim to be correct and adopts the recommendation that the action should be dismissed.

Plaintiff also argues in his objections that he is entitled to counsel. Objections, 1. Unlike criminal proceedings where the court is obligated to assign counsel to represent an indigent defendant, 28 U.S.C. § 1915(e)(1) grants the court discretion to request an attorney to represent an indigent person lacking the means to employ counsel in a civil case. The Fourth Circuit has held that a court should request counsel to represent an indigent plaintiff only after a showing of a particular need or exceptional circumstance. See Cook v. Bounds, 518 F.2d 779 (4th Cir.1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). However, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Id.

Plaintiff states in his motion for the appointment of counsel that he has twice attempted to secure representation in the instant matter without success. Motion for Appointment of Counsel, 1. After reviewing Plaintiff's request, the court finds that Plaintiff has failed to demonstrate to the

court that his current circumstances require the appointment of counsel.  Further, the court's adoption of the Magistrate Judge's recommendation that Plaintiff is barred from pursuing his case until he exhausts available administrative remedies indicates that Plaintiff lacks a colorable claim.  Accordingly, the plaintiff's motion for appointment of counsel is denied.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's motion to proceed in forma pauperis should be denied.  Objections, 1.  The court may authorize the commencement of a civil suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets that the person is unable to pay such fees.  See 28 U.S.C.A. § 1915 (a)(1).  Plaintiff has represented to the court that he is unemployed, without assets, and unable to pay the required filing fee.  Objections, 1.  Accordingly, the court grants Plaintiff's motion to proceed in forma pauperis in the instant action.

## CONCLUSION

The court has reviewed the record and adopts the Report and Recommendations of the Magistrate Judge as to the merits of Plaintiff's complaint.  Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.  With this order the court also **DENIES** Plaintiff's Motion for the Appointment of Counsel and **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

May 5, 2006
Columbia, South Carolina

4